# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | |
|---|---|
| CHARLES ASHFORD, <br> ADC #133975 | PLAINTIFF |
| V.    5:14CV00031 JLH/JTR | |
| CATOE, Sergeant; and X <br> TAYLOR, Correctional Officer, <br> Tucker Maximum Security Unit, ADC | DEFENDANTS |

## INITIAL SCHEDULING ORDER

Defendants have filed their Answer providing their full and correct names. *Doc. 10.* The Court will direct the Clerk to amend the docket sheet according.

Soon after filing their Answer, Defendants filed a Motion seeking permission to substituted their counsel of record. *Doc. 16.* That request is granted.

In the Complaint, Plaintiff alleges that Defendants used excessive force against him in November and December of 2014. **Defendants must immediately preserve any video recordings of that incident and any photographs that may have been taken of Plaintiff's injuries. Defendants will have thirty days to locate any such video recordings and photographs and file them, under seal, with the Clerk of the Court for the Eastern District of Arkansas.** If any such video recordings or photographs have been lost, destroyed, or are no longer available (for any reason), Defendants must notify the Court within 30 days and provide a detailed explanation

of why that evidence is no longer available and the names of all ADC employees who had any involvement in the destruction or loss of that evidence. The Court will then promptly schedule a hearing to take testimony from the named ADC employees concerning how and why the video recordings and photographs were lost or destroyed.

The Prison Litigation Reform Act requires prisoners to fully and properly exhaust their administrative remedies as to each claim before filing a lawsuit in federal court. *See* 42 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Although exhaustion of administrative remedies is an affirmative defense, the Eighth Circuit has clarified that a court cannot proceed to the merits of any unexhausted claims. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Barbee v. CMS,* Case No. 10-1891, 2010 WL 3292789 (8th Cir. Aug. 23, 2010) (unpublished opinion); *Davis v. Harmon,* Case No. 10-1863, 2010 WL 3259378 (8th Cir. Aug. 19, 2010) (unpublished opinion).

It would be beneficial to the Court, as well as the parties, if any exhaustion issues were resolved before time and resources were unnecessarily expended developing and addressing unexhausted claims. Accordingly, the Court will give Defendants 45 days to file dispositive motions on the *issue of exhaustion only.*

Additionally, the parties will have 150 days to complete discovery[1] and 180 days to file any other dispositive motions.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to amend the docket sheet to reflect that Defendant Catoe is "James Catoe," and Defendant Taylor is "Keith Taylor."

2. Defendants' Motion to Substitute Counsel (*Doc. 16*) is GRANTED.

3. Defendants' Motion to Depose Plaintiff (*Doc. 17*) is GRANTED.

4. Defendants must, **on or before June 2, 2014**, comply with the instruction is this Order regarding the preservation of video recordings and photographs.

5. Defendants must file any motions on the issue of exhaustion **on or before June 16, 2014.**

6. The parties must complete discovery **on or before September 29, 2014.**

7. The parties must file dispositive motions, dealing with matters other than exhaustion, **on or before October 29, 2014.**

Dated this 8th day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] This means that the parties must send their final discovery requests to the opposing side so that they have the full amount of time, as provided by the Federal Rules of Civil Procedure, to respond before the discovery deadline expires. For instance, Fed. R. Civ. P. 33(b)(2) states that a party has 30 days to respond to interrogatories. Thus, the parties must send their final interrogatories to the opposing side *at least* 30 days before the expiration of the discovery deadline.